UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, TRUSTEES OF THE NEW
YORK CITY CARPENTERS RELIEF AND
CHARITY FUND, THE NEW YORK CITY AND
VICINITY CARPENTERS LABOR-
MANAGEMENT CORPORATION, and the NEW
YORK CITY DISTRICT COUNCIL OF
CARPENTERS,

           Petitioners,

      -against-

NYC CONSTRUCTION SERVICE INC.,

           Respondent.

------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/08/2016

1:15-cv-3813-GHW

MEMORANDUM OPINION
AND ORDER

GREGORY H. WOODS, District Judge:

  Petitioners, the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Restraining, Educational and Industry Fund; and the Trustees of the New York City Carpenters Relief and Charity Fund (together, the "Funds"), along with the New York City and Vicinity Carpenters Labor Management Corporation, and the New York City District Council of Carpenters (the "Union") seek to confirm an arbitration award obtained against New York Construction Services Inc. ("Respondent") pursuant to Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"). For the following reasons, the award is confirmed.

I.       BACKGROUND

On April 30, 2012, Respondent signed a sub-contractor affidavit, agreeing to be bound by the provisions of a project labor agreement between the New York City School Construction Authority and the Building Construction Trades Council of Greater New York and Vicinity (the "PLA"). Petition to Confirm Arbitration Award, Dkt. No. 1 ("Pet.") ¶¶ 9-10. The PLA, in turn, bound Respondent to the building construction agreement between the Building Contractors Association, Inc. and the Union (the "CBA"). *Id.* ¶ 11. Under the CBA, Respondent was required to make contributions to the Funds for all work performed within the trade and geographic jurisdiction of the Union. *Id.* ¶ 12. The CBA also required Respondent to submit to a payroll audit upon the request of the Funds, and to submit all disputes to binding arbitration. *Id.* ¶¶ 13-14. The CBA also provided that, in the event the Funds were required to institute a proceeding to recover unpaid contributions, they were entitled to "reasonable attorney's fees and costs of the action." *Id.* ¶ 16.

As a result of an audit conducted pursuant to the terms of the CBA, Respondent was found to have failed to remit contributions in the principal amount of $52,002 for the period from November 21, 2011 to December 25, 2013. *Id.* ¶¶ 17-19. Pursuant to the CBA's arbitration provision, the dispute was submitted to binding arbitration in front of Roger E. Maher, the designated arbitrator. *Id.* ¶ 19. Petitioners notified Respondent of the hearing. *Id.* ¶ 19. On December 3, 2014, Mr. Maher held a hearing to adjudicate the dispute between the parties. *Id.* ¶ 20. On December 6, 2014, Mr. Maher issued an award, stating that "[t]he Parties have agreed to resolve this audit . . . and have further agreed that the terms of the settlement be set forth in an Arbitrator's Consent Award." Pet., Ex. E at 2. In the award, Mr. Maher determined, based on the "substantial and credible evidence" presented at the hearing, that Respondent owed $52,002 in unpaid contributions, $6,989.35 in interest, $10,400.40 in liquidated damages, $34.15 in late payment

interest, $316.92 in contributions to the promotional fund, $400 in court costs, $1,500 in attorney's fees, the arbitrator's fee of $500, and $2,768.31 in audit costs, totaling $74,911.13, with interest to accrue at the rate of 5.25% from the date of the award. *Id.* ¶¶ 20-21; Pet., Ex. E at 2. Respondent failed to comply with the award.

On May 18, 2015, Petitioners commenced the instant action by filing a petition, along with a memorandum of law in support of the petition, asserting that Respondent had failed to make any payments on the arbitrator's award. Dkt. Nos. 1,3. Petitioners served their petition and memorandum of law on Respondent on May 20, 2015. Dkt. No. 5. Pursuant to an order dated June 9, 2015, the Court ordered Respondent to file an opposition no later than July 1, 2015. Dkt. No. 6. Respondent did not file an opposition by July 1, 2015, and on July 10, 2015, Petitioners sent a letter to the Court requesting that their petition be treated as unopposed. Dkt. No. 7. To date, Respondent has failed to file an opposition or appear in this action.

## II.    DISCUSSION

### A. Confirmation of the Arbitration Award

Petitioners request confirmation of the arbitration award and entry of a judgment in the amount of $74,911.13, plus interest from the date of the award through the date of judgment. Pet. ¶ 33. "Section 301 of the [LMRA], 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). "Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *N.Y. Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers East*, No. 11 Civ. 04421 (ENV)(RLM), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012) (internal quotation marks and citations omitted).

"Because [t]he federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of [arbitration] awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Local 97, Int'l Bhd. of Elect. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (internal quotation marks and citations omitted); *see also Harry Hoffman Printing, Inc. v. Graphic Communications Int'l Union, Local 261*, 950 F.2d 95, 97 (2d Cir. 1991) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." (internal quotation marks omitted)). "Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed." *Niagara Mohawk*, 196 F.3d at 124.

When a petition to confirm an arbitration award is unopposed, courts should generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Thus, like unopposed summary judgment motions, unopposed confirmation petitions "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (internal quotation marks omitted).

Here, there is no indication that the arbitrator's award was procured through fraud or dishonesty or that any other basis for overturning the award exists. Rather, the record demonstrates that the award is based on undisputed evidence that Respondent failed to make contributions to the Funds in breach of the CBA. Accordingly, the petition is granted and the award is confirmed.

### B. Reasonable Attorney's Fees and Costs

Petitioners also request an additional award of $3,392.50 in attorney's fees and costs incurred in connection with this confirmation proceeding. Pet. ¶ 33. As noted above, the CBA mandates

that Respondent pay "reasonable attorney's fees and costs of the action," in connection with an enforcement proceeding such as this matter. Pet. ¶ 16.

In the present case, Petitioners seek to recover $2,992.50 in attorney's fees and $400 in court filing fees. Pet. ¶¶ 31-32. Petitioners provided the Court with contemporaneous time records, reflecting the 13.30 hours spent by Petitioners' two attorneys, Michael Isaac and Adam Biggs, and all of the activities that they performed in the prosecution of this matter. Pet., Exs. F-G. Mr. Isaac and Mr. Biggs are associates at the law firm of Virginia & Ambinder, LLP and regularly represent multiemployer employee benefit plans in ERISA litigations. Pet. ¶¶ 27-28. Mr. Isaac graduated from law school in 2007, and Mr. Biggs graduated from law school in 2011. *Id.* The fees requested are based on a rate of $225 per hour for both attorneys. *Id.* The Court has examined recent case law in this Circuit in similar ERISA collection actions, and finds that the $225 per hour rate is reasonable. *See Ferrara v. Prof'l Pavers Corp.*, No. 11 Civ. 1433 (KAM) (RER), 2013 WL 1212816, at *5 (E.D.N.Y. Mar. 23, 2013) (noting that in ERISA-default actions courts routinely approve rates of $200-$300 for senior associates); *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *5 (S.D.N.Y. Aug. 29, 2012) (approving a rate of $200 for an attorney with two years of experience in an ERISA action to confirm an arbitration award); *Deianni v. New Media Printing*, No. 11 Civ. 5267 (DRH) (ARL), 2012 WL 3842596, at *7 (E.D.N.Y. Aug. 17, 2012) (report and recommendation), adopted, No. 11 Civ. 5267 (DRH) (ARL), 2012 WL 3839618 (E.D.N.Y. Sept. 5, 2012) (approving rate of $295 for associate in ERISA collection action); *Gesualdi v. BD Haulers Inc.,* No. 09 Civ. 448 (RRM)(RER), 2009 WL 5172859, at *6 (E.D.N.Y. Dec. 22, 2009) (approving rate of $225 for associate with four years of experience in ERISA collection action).

The Court does not grant Petitioners' request for an award of $400 in court filing fees in connection with this action, however. It appears that amount was already included in the arbitrator's award. Pet., Ex. E. Accordingly, the Petitioners are entitled to recover $2,992.50 in attorney's fees.

### III.  CONCLUSION

For the reasons outlined above, Petitioners' request to confirm the arbitration award is GRANTED. The Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent in the amount of the sum of the following:  (1) $74,911.13, the amount of the award; (2) interest on $74,911.13, the amount of the award, calculated at an annual rate of 5.25% from December 6, 2014 through the date of judgment; and (3) $2,992.50 in attorney's fees. The Clerk of Court is then directed to close this case.

Petitioners are directed to mail a copy of this opinion to Respondent.

SO ORDERED.

Dated: March 8, 2016  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge